**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Nicole L. Moore <br> _Debtor(s)_ | | CHAPTER 13 |
| MIDFIRST BANK <br> vs. <br> _Moving Party_ | | NO. 24-12018 AMC |
| Nicole L. Moore <br> _Debtor(s)_ <br> Frances Thomas <br> _Co-Debtor_ | | 11 U.S.C. Sections 362 and 1301 |
| Kenneth E. West <br> _Trustee_ | | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage has been cured on the mortgage held by Movant on Debtor's residence located at 39 Indian Red Road, Levittown, PA 19057.

2. The Debtor(s) acknowledge that Movant has incurred legal fees and costs in connection with its Motion for Relief, which shall be paid in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor(s) shall file an Amended Chapter 13 Plan to include attorney fees and costs of **$1,249.00**.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the attorney fees and costs of **$1,249.00** along with the pre-petition arrears.

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due **January 2025** and continuing thereafter, Debtor(s) shall pay to Movant the present regular monthly payment of **$1,327.27** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor(s) provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 8, 2025

/s/ Denise Carlon
Denise Carlon, Esq.
Attorney for Movant

Date: January 10, 2025

/s/ Michel Seth Schwartz
Michael Seth Schwartz, Esq.
Attorney for Debtor(s)

No Objection - Without Prejudice to Any Trustee Rights or Remedies

Date: January 10, 2025

/s/ LeeAne O. Huggins
Kenneth E. West
Chapter 13 Trustee

Approved by the Court this 23rd day of Jan., 2025. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan